UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRITTNEY SAMADUROFF; EVE SUMMERS,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID PEYSER SPORTSWEAR INC,<br><br>Defendant. | Case No. 3:26-cv-05275-TMC<br><br>ORDER REMANDING CASE |

## I. INTRODUCTION AND BACKGROUND

This case is a proposed class action against David Peyser Sportswear, Inc. (doing business as "32 Degrees") for allegedly sending false and misleading emails in violation of Washington's Commercial Electronic Mail Act (CEMA), RCW 19.190, and Washington's Consumer Protection Act (CPA), RCW 19.86. *See* Dkt. 1-1.

On February 24, 2026, Plaintiffs Brittney Samaduroff and Eve Summers filed a putative class complaint against 32 Degrees in Clark County Superior Court. *Id.* Plaintiffs allege that 32 Degrees has sent emails with "false or misleading subject lines regarding fake discounts with fake time limitations" to Plaintiffs and other Washington residents on its mailing list. *Id.* ¶ 41. According to Plaintiffs, these messages "clog up inboxes with spam email, waste limited data

space, and violate Plaintiffs' and putative class members' statutory right to be free from deceptive commercial emails." *Id.* ¶ 44. Samaduroff alleges that she has received marketing emails from 32 Degrees since at least November 2022 and has purchased clothing from the company at least four times since then. *Id.* ¶¶ 53–54. Summers alleges that she received at least 26 marketing emails from 32 Degrees from December 2019 to August 2023, at which point she asked to be removed from the company's mailing list. *Id.* ¶¶ 62–63. She purchased clothing from 32 Degrees once before receiving these emails, five times while receiving emails, and once after she was no longer on the mailing list. *Id.* ¶ 60.

On March 19, 32 Degrees removed the case to federal court. Dkt. 1. On April 7, it moved to dismiss the case, arguing that Plaintiffs failed to state a claim under CEMA and the CPA, and that CEMA is preempted by the federal CAN-SPAM Act. Dkt. 11. After reviewing the complaint, the Court determined that "it is not apparent that Plaintiffs have alleged an Article III as opposed to merely a statutory injury" and ordered 32 Degrees to show cause why this case should not be remanded to Clark County Superior Court for lack of standing. Dkt. 22 at 4. On July 29, 32 Degrees responded to the show cause order. Dkt. 23. For the reasons set forth below, the Court concludes that Plaintiffs lack Article III standing and REMANDS this case to Clark County Superior Court.

## II. LEGAL STANDARD

Both the Supreme Court and the Ninth Circuit "have held that whether or not the parties raise the issue, 'federal courts are required sua sponte to examine jurisdictional issues such as standing.'" *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (alterations omitted) (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002)). Removal of a civil action to federal district court is proper when the federal court would have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). "The 'strong

presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). If the plaintiff in a removed case lacks Article III standing, the federal court lacks jurisdiction and must remand the case to state court. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Moreover, as the party invoking federal jurisdiction, 32 Degrees bears the burden of establishing the existence of a case or controversy under Article III. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). For an injury in fact to exist, a statutory violation must have "caused [a plaintiff] to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017) (second alteration in original) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. at 340–41). "[A] plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Id.* (alteration in original) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. at 341). Furthermore, "standing is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and

for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

**III. DISCUSSION**

Pointing to prior cases in this district concluding that CEMA plaintiffs had standing to pursue claims based on misleading email subject lines, 32 Degrees argues that the receipt of a spam email is a concrete injury for the purposes of Article III standing. Dkt. 23 at 6–9 (first citing *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999 (W.D. Wash. 2019); then citing *Brinton v. Vivint Inc.*, No. 3:23-CV-06105-TMC, 2024 WL 3688589 (W.D. Wash. Aug. 7, 2024), *appeal dismissed*, No. 24-5240, 2025 WL 2472999 (9th Cir. Mar. 7, 2025); and then citing *Liss v. Skechers USA Inc.*, No. 3:25-CV-05861-DGE, 2026 WL 1392327 (W.D. Wash. May 19, 2026)). While acknowledging these prior decisions, the Court is more persuaded by the "ever-growing list of decisions," in this district and elsewhere, "finding that the mere receipt of alleged misleading or false marketing email subject lines, absent any allegation of economic loss, detrimental reliance, or any comparable injury, does not constitute a concrete harm sufficient to establish Article III injury." *Stutsman v. Sirius XM Radio LLC*, No. 2:25-CV-01113-LK, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026) (collecting cases).

The Washington Supreme Court recently held that "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 592, 567 P.3d 38 (2025). But the legislature's creation of a statutory injury does not automatically confer Article III standing. *TransUnion*, 594 U.S. at 426–27. Instead, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *Id.* at 427 (emphasis in original). In other words, for this Court to have either original or removal jurisdiction, a CEMA plaintiff must have alleged that she has "suffered a harm that has

traditionally been actionable in our nation's legal system." *Popa v. Microsoft Corp.*, 153 F.4th 784, 791 (9th Cir. 2025).

Plaintiffs have not alleged a concrete injury sufficient to confer Article III standing. While Plaintiffs allege that the emails from 32 Degrees "clog up inboxes," Dkt. 1-1 ¶ 44, they do not contend that 32 Degrees added them to or kept them on its mailing list without their consent. By contrast, the complaint states that Summers only received emails from the company "until about August 2023, when she opted out of future marketing emails." *Id.* ¶ 62. Nor does the complaint contain any allegation that either Samaduroff or Summers made a purchase from 32 Degrees in reliance on a false or misleading email subject line. At most, Samaduroff—who still receives emails from the company—may become injured if she relies on a misleading spam email in the future, but "the mere risk of future harm, standing alone, cannot qualify as a concrete harm." *TransUnion*, 594 U.S. at 436. The fact that Plaintiffs received emails allegedly in violation of CEMA does not itself constitute injury-in-fact under Article III.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The above-captioned case is REMANDED to the Clark County Superior Court.
2. The pending motion to dismiss (Dkt. 11) is DENIED as moot.
3. The Clerk shall mail a certified copy of this Order to the Clerk of Court for the Clark County Superior Court.
4. The Clerk shall transmit the record herein to the Clerk of Court for the Clark County Superior Court.
5. The Clerk shall close this case.

Dated this 11th day of September, 2026.

Tiffany M. Cartwright
United States District Judge